

14 WALL STREET, SUITE 5H
NEW YORK, NY 10005
DIRECT DIAL: (212) 589-7520
MAIN: (212) 839-7000
FACSIMILE: (212) 466-0514
WWW.HILLBETTS.COM

September 18, 2024

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/27/2024
```

*Via ECF*

Hon. Mary K. Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10017

      Re:    Louis Dreyfus Company Suisse, S.A. v. John Doe
             Case No. 1:24-cv-06850
             HBN File No.: 639.0001

Dear Judge Vyskocil:

      We represent Plaintiff, Louis Dreyfus Company Suisse, S.A. ("LDC"), the victim of a cybercrime. Pursuant to Rule 4.A of Your Honor's Individual Rules and Practices in Civil Cases, LDC respectfully seeks the Court's permission to move *ex parte* for leave to serve nonparty subpoenas prior to a Rule 26(f) conference. Such subpoenas are needed to ascertain the identity of Defendant, John Doe.

      In March 2023, LDC, as buyer, was corresponding with its seller, Mexican sugar refiner, Ingenio Plan De Ayala S.A., via email regarding its payment for 2,500 metric tons of refined sugar. On March 26, 2023, Defendant used spoofed email addresses of several Ingenio employees to create an email chain which was deceptively similar to legitimate correspondence (mimicking the genuine domain: @santos.com.mx, with a false domain: @santos-mx.com). Defendant subsequently used this fake email chain to direct LDC's payments to a fraudulent JP Morgan Chase Bank("Chase") account.

      On April 3, 2023, LDC attempted to transfer part payment for the sugar in the sum of $1,587,373 to the fraudulent account. Fortunately, this transfer never cleared Chase's internal security screening and was reverted back to LDC. On April 6, 2023, LDC made a second payment of $491,081 which unfortunately was successfully deposited into the fraudulent account.

{NY263079.3 }

Hon. Mary K. Vyskocil
September 18, 2024
Page 2 of 3

On April 19, 2023, LDC discovered it was a fraud victim, when Ingenio employees, who did not have their emails spoofed, reached out for payment. LDC immediately contacted Chase and was informed that the $491,081 was no longer available in the fraudulent account.

Despite our diligent efforts, Defendant remains unidentified. The only piece of information which LDC holds that can identify Defendant is the Chase account number he used in the fraud. We have reached out to Chase, on behalf of LDC, numerous times in pursuit of identifying Defendant. Thus far we have asked Chase to provide information about Defendant and his fraudulent account in letters, emails, and several phone conversations with the Chase "Executive Office" located in New York City. Chase has refused to make any disclosures but has advised that it would cooperate with a subpoena.

As LDC will be unable to confer with this John Doe Defendant regarding Discovery, as required under Fed. R. Civ. P. 26(d), the only way LDC can possibly identify Defendant is through Chase's records. All banks, including Chase, are required to maintain a record of the names, addresses, and contact information for every client who opens an account with them. 31 C.F.R. §§ 1010, 1020. With the Court's approval, LDC will subpoena production of such records from Chase to identify and serve Defendant.

LDC's request is appropriate under this District's exception for conducting discovery prior to the parties holding a Rule 26(f) conference. *Ayyash v. Bank Al-Madina*, 233 F.R.D 325, 327 (S.D.N.Y. 2005); Fed. R. Civ. P. 26(d), (f). Courts in this District apply a "flexible standard of reasonableness and good cause" when considering granting discovery to identify a John Doe defendant before a Rule 26(f) conference. *Strike 3 Holdings, LLC v. Doe*, No. 1:23-cv-7546 (MKV), 2023 U.S. Dist. LEXIS 183660, at *2 (S.D.N.Y. Oct. 12, 2023) (citations omitted). The "principal factors" Courts weigh in making this decision were set forth in *Arista*. *See Arista Records LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010); *see also Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556 (S.D.N.Y. 2004). The five *Arista* factors are "(1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the defendant's expectation of privacy." *Strike 3 Holdings, LLC, v. Doe*, 2023 U.S. Dist. LEXIS 183660, at *2 (*citing Arista Records LLC*, 604 F.3d at 119).

Each element weighs in favor of granting LDC's request for pre-conference Discovery. Based on the facts set forth in the Complaint, and briefly reiterated above, LDC has adequately pled *prima facie* claims for Civil RICO (18 U.S.C. § 1962(a)), violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), and common law fraud. LDC is seeking to subpoena specific documents which can be used to identify Defendant and any potential co-defendants. Only Chase's records can identify who opened the account used by Defendant and trace the assets illicitly transferred into and from that account. Unfortunately, any other effort to obtain this information is futile since Chase is constrained from releasing account information without a subpoena. Without this information LDC is wholly disabled from seeking recourse against Defendant as there is no alternate means of identifying Defendant. Defendant's expectation of

Hon. Mary K. Vyskocil
September 18, 2024
Page 3 of 3

privacy in this matter is minimal in that he used bank accounts to intentionally defraud LDC out of a substantial sum of money.

In conclusion, LDC respectfully submits that a grant of limited discovery to subpoena nonparty Chase's records, before a 26(f) conference, is appropriate to learn the true identity of Defendant, John Doe. Should this Court find a pre-motion conference is necessary, we can brief Your Honor further at that time. Alternatively, if this Court finds that leave is appropriate absent a pre-motion conference in light of the fact that Defendant has not been identified and served, we are prepared to move for leave to submit LDC's papers.

We thank the Court for its consideration.

Respectfully submitted,

HILL, BETTS & NASH LLP

/s/ *James D. Kleiner*
James D. Kleiner
*Counsel for Plaintiff*
*Louis Dreyfus Company Suisse, S.A.*
14 Wall Street, Ste 5H
New York, New York 10005
(212) 839-7000

JDK/bp

---

This *ex parte* request for leave to serve nonparty subpoenas prior to a Rule 26(f) conference is GRANTED. Status letter due November 18, 2024.

Date: Sept. 27, 2024
New York, New York

Mary Kay Vyskocil
United States District Judge

{NY263079.3 }